BEEMAN CRANDALL, appellant, v. ALEXANDER DAWSON, appellee.

*Appeal from McHenry.*

The provision of the one hundred and seventy seventh section of the Criminal Code, that the Grand Jury may find an indictment on the oath of one witness only, except in cases of treason and perjury, has application only to the finding of the indictment; and the Common Law rule of evidence, which shall govern on the trial, is not changed, except so far as is provided by virtue of the provisions of the one hundred and seventy eighth section of the same code.

To establish the crime of perjury, at Common Law, the adverse testimony of one credible witness, with corroborating circumstances, is sufficient. These corroborating circumstances need not be of such a character, as, standing alone, would justify a conviction, in cases where the testimony of a single witness would be sufficient. They must be such as to destroy the equilibrium, and overcome the presumption of innocence; and any legitimate evidence, which is calculated to impress on the minds of the jury, the truth of the charge, will suffice, whether it consist of admissions of the accused, or of other circumstances inconsistent with his innocence.

The general rule, that there must be one credible witness swearing adversely, together with corroborating circumstances, does not always apply, for there are cases, in which a living witness may be dispensed with, and other testimony relied on for a conviction. The falsehood of the matter sworn by the accused may be proved by the production of a public record, or of documentary or written evidence, when the authority of the evidence offered, and circumstances showing the knowledge of the defendants and the corrupt intent, are proved.

If, in an action of slander, for charging the plaintiff with having committed perjury, the defendant pleads a justification, he is held to the same strictness of proof as would be required in a prosecution for perjury.

In an action of slander, the defendant asked the Court to instruct the jury, that "one witness, corroborated by other witnesses, to admissions or other circumstances equivalent in the opinion of the jury to another witness, is, if believed, sufficient to make out a justification of the charge of false swearing:" *Held*, that the instruction ought to have been given, it being pertinent to the issue and evidence.

CASE for slander, by the appellee against the appellant, in the McHenry Circuit Court, commenced at the April term 1843, and tried before the Hon. Richard M. Young and a jury, at the April term 1844. Verdict for the plaintiff for fifty dollars, and judgment thereon by the Court.

The case is sufficiently stated in the Opinion of the Court.

*I. N. Arnold,* and *I. G. Wilson,* for the appellant:

One witness, corroborated by other independent circumstances, is sufficient to convict one indicted for perjury, and those circumstances need not be tantamount to another witness.    1 Greenl. Ev. § 257, *et seq.;* Roscoe's Crim. Ev. 686.

*O. Peters,* and *E. E. Harvey,* for the appellee:

The instruction as asked for by the plaintiff below is ambiguous, and uncertain in its terms, and the Court was right in refusing to give it.

Our statute has modified the rule of evidence in trials for perjury.    Gale's Stat. 232, § 177.

Though this provision only relates, in terms, to the proceedings before the grand jury, yet it is not reasonable to suppose that the legislature intended to apply a more rigid rule, to direct the deliberations of the grand jury, than on the trial of a party in a matter affecting his liberty and character.    It is but reasonable to conclude, that they intended to modify the rule of the common law on this subject.    And it follows, that if it shall require two witnesses to convict of perjury, it shall also require two witnesses to sustain a justification like that relied upon in this case.

The Opinion of the Court was delivered by

TREAT, J.    This was an action on the case for *slander,* brought by Dawson against Crandall.

The declaration contained two counts.    The first alleged that Crandall, at the trial before the probate justice, charged Dawson with having sworn falsely as a witness on the trial. The second alleged generally, that Crandall had charged Dawson with having sworn falsely.

The defendant pleaded the general issue, and gave notice under it, that he would prove the truth of the words, in justification.

The cause was tried by a jury.    The plaintiffs proved the speaking of the words as laid in the declaration.    The defendant then called a witness, whose testimony tended to prove the truth of the words spoken.    By other witnesses, he proved

admissions and circumstances tending to the same conclusion.

The defendant asked the Court to instruct the jury, that "one witness, corrobated by other witnesses, to admissions or other circumstances equivalent in the opinion of the jury to another witness is, if believed, sufficient to make out a justification of the charge of false swearing." The Court refused to give the instruction, but instructed the jury, that "under our statute, two witnesses to the same fact were necessary, to produce a conviction on the trial in cases of perjury."

The jury found a verdict for the plaintiff for fifty dollars, and judgment was rendered thereon. Crandall prosecutes an appeal to this Court. The only point to be determined, is the propriety of the instruction asked for and refused.

The one hundred and seventy seventh section of the Criminal Code provides, that the grand jury may find an indictment on the oath of one witness only, "except in cases of treason and perjury, where, at least two witnesses to the same fact shall be necessary." In the opinion of the Court, this provision was not intended to change the common law rule of evidence. Whether this be correct or not, the provision only relates to the finding of the indictment, and does not extend to the trial of the offence. That the common law rule of evidence is to govern on the trial of the indictment, is evident from the one hundred and seventy eight section of the Criminal Code, which provides that "all trials for criminal offences shall be conducted according to the course of the common law, except where this Act points out a different mode, and the rules of evidence of the common law, shall, also, unless changed by this Act, be binding on all Courts and juries in criminal cases."

It, therefore, becomes necessary to a proper decision of this case, to ascertain the number of witnesses, and the amount of testimony required by the common law to establish the crime of perjury, for the same rule is applicable to the defence interposed in this case. The defendant must clearly make out his justification, or the defence cannot avail him. He undertook, by the notice, to prove that the plaintiff had committed perjury, and he is to be held to the same strictness

Crandall *v.* Dawson.

of proof, as would be required in a prosecution for the same offence. *Woodbeck* v. *Keller*, 6 Cowen, 118. The party, who stands charged with the commission of the crime of perjury, has the benefit of the testimony, on which the perjury is assigned. The evidence which he has given is considered as equivalent to the testimony of one witness, and is to have the same effect as the oath of a disinterested witness. This testimony of the accused is only neutralized by the adverse testimony of another witness. It is then but oath against oath. The scale of evidence is exactly poised. Further testimony is, therefore, required, to turn the balance, and give a preponderance in favor of the prosecution. This may unquestionably be done, by a second witness on the side of the prosecution. Formerly this was required, but the rule is now relaxed, and this number of witnesses is not necessary. The true rule is, that the adverse testimony of one credible witness, with corroborating circumstances, is sufficient to establish the offence of perjury, or sustain a plea of justification. The additional evidence need not be of such a character, as, standing alone, would justify a conviction, or sustain a justification, in cases where the testimony of a single witness would be sufficient. The corroborating testimony must be such as to destroy the equilibrium, and overcome the presumption of innocence. Any legitimate evidence, which is calculated to impress on the minds of the jury, the truth of the charge, will suffice; whether it consist of admissions of the accused, or of other circumstances inconsistent with his innocence. 1 Greenl. on Ev. 294, 295; 2 Russell on Crimes, 545; Archbold's Crim. Pl. 148; 1 Phillips' Ev. 152; *Woodbeck* v. *Keller*, 6 Cowen, 118; *Rex* v. *Mayhew*, 6 C. & P. 315. The rule already laid down applies to cases, where there is one credible witness swearing adversely to the accused. The general rule is, that there must be one such witness. But there is a class of cases, in which a living witness may be dispensed with, and other testimony relied on to convict the prisoner. This may be done, where the falsehood of the matter sworn by the accused is proved by the production of a public record, or of documentary or written evidence. In

such cases, it is only necessary to prove the authenticity of the evidence, and circumstances showing the knowledge of the defendant, and the corrupt intent. 1 Greenl. on Ev. 295, 296; *The United States* v. *Wood,* 14 Peters, 430.

In the present case, the instruction prayed for was pertinent to the issue and the evidence, and ought to have been given. The instruction is based on the assumption, that the adverse testimony of one witness, with corroborating circumstances equivalent to the testimony of another witness, was necessary to sustain the justification. This was strictly more favorable to the plaintiff, than he had the right to require. The corroborating circumstances need not be tantamount to the testimony of a second witness. If they clearly turned the scale, and rendered the guilt of the accused manifest, they are sufficient.

The judgment of the Circuit Court is reversed with costs, and the cause remanded for further proceedings consistent with this Opinion.

*Judgment reversed.*